# IN THE UNITED STATES DISTRICT COURT FOR THE
# WESTERN DISTRICT OF OKLAHOMA

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| Plaintiff, | ) | |
| Vs. | ) | NO. CR-01-00149-001-HE |
| | ) | |
| RICHARD ALAN HASKELL, | ) | |
| | ) | |
| Defendant. | ) | |

## ORDER

Defendant Richard Alan Haskell previously forwarded a letter to the court seeking relief from the requirement that he register as a sex offender. The court initially viewed the letter as a petition for writ of habeas corpus under 28 U.S.C. § 2255, and ordered a response from the Government. The Government filed a motion to dismiss, essentially arguing that defendant's request was in the nature of a habeas petition, that it was therefore a sort of attack on the judgment and conviction, and was therefore barred by the provisions of his plea agreement which waived his right to appeal or collaterally challenge his conviction.

Defendant pled guilty in 2002 to charges related to child pornography, and was sentenced to 24 months in prison. He was also required to register as a sex offender. He apparently later moved to Florida, where he currently resides. He claims that he has a clean record, and therefore qualifies for removal from the sex offender registry under 42 U.S.C. § 16915.

Upon further review of defendant's request, the court concludes it should not be viewed as seeking habeas relief as it does not attack the validity of his sentence or

conviction or the manner of its execution. Rather, it seeks a determination that, pursuant to § 16915 and in light of the passage of time and other circumstances, he is no longer required to register as a sex offender. As a result, defendant's request is not within the scope of defendant's waiver of collateral challenge rights in his plea agreement,[1] and that waiver is not a basis for rejecting defendant's request if it is otherwise appropriate.[2]

The court concludes, however, that the relief defendant seeks is not properly sought in this court. 42 U.S.C. § 16915 sets out the period for which various levels of sex offenders must register and the standards by which the period of registration may be reduced. It does not, though, authorize the sentencing court to determine when those standards for reduction have been met. The Sex Offender Registration and Notification Act ("SORNA") 42 U.S.C. § 16901 *et seq*. does not establish a federal sex offender registry, but instead sets out guidelines for the states and other jurisdictions in the creating and maintaining the registries. *See id*. § 16912. Therefore, to the extent that defendant seeks a determination of whether he is still required to register, the determination must be made by the jurisdiction where registration would otherwise be required.

As noted above, defendant is apparently a Florida resident and, as his submissions reflect, Florida has a statutory procedure for relief from the registration requirement in

---

[1] *The plea agreement attached to the government's motion has pages missing, including those containing the actual language of waiver. However, the government's characterization of the pertinent language, along with a limited quotation of it in the motion, indicates the waiver extends to collateral challenges to the conviction or sentence.*

[2] *If defendant's request <u>was</u> in the nature of a habeas claim, it would be rejected both by reason of the waiver and due to defendant not being "in custody" as required for habeas relief in this context. See <u>Calhoun v. Attorney Gen.</u>, 745 F.3d 1070 (10th Cir. 2014).*

certain circumstances. The statute contemplates a proceeding in the criminal division of the circuit court of the circuit in which the offender resides. *See* Fla. Stat. 943.04354 (current through 2017 First Regular Session and Special "A" Session of the 25th Legislature). Any relief from the registration requirement to which defendant may be entitled should therefore be sought in the appropriate court in Florida.

Defendant's request, viewed as a motion for relief from registration pursuant to § 16915, is **DENIED** without prejudice to its reassertion in the appropriate court.

**IT IS SO ORDERED.**

Dated this 11th day of September, 2017.

JOE HEATON
CHIEF U.S. DISTRICT JUDGE